May it please the court. These two appeals raise the same primary issue and that's whether a prior Wisconsin burglary conviction counts as burglary of a dwelling. That would make it a crime of violence under the sentencing guidelines and that essentially turns on whether the statutory subsection at issue here is divisible because that subsection criminalizes burglary of any building or dwelling. And the key to this issue is to focus on the real goal here and that's to determine what was the defendant convicted of. That is why we have the categorical analysis in the first place because the guidelines require us to look at the prior conviction. And that's why divisibility matters. It's why we only go to the underlying documents when a statute is divisible because we want to determine which. But isn't it clear it was burglary of a home? Well, whether the facts of the case were burglary of a home is important in both of these cases. But the ultimate conviction was broader than that. The conviction was for burglary of any building or dwelling. And that's because we have to look at the elements of the offense. Well, that's what the statute says. Correct, your honor. But that's also the federal interest is in whether it was a home rather than a warehouse. That's correct. But it's whether the crime is burglary of a home versus burglary of a warehouse. It's not what the defendant did. I mean, in DeCamps it was pretty clear that the defendant... I don't understand you. If he robbed a, if he burglarized a home, then he is, then he committed what in federal law is a violent crime. If the crime... Don't we know from the initial filings in the, you know, the ones we're permitted to look at in the state case that it was a home that he burglarized? Well, that's the question in this case is whether we even look at those documents. Well, I think we're allowed to look not at the evidence, not the trial, but at the charging documents. We can look at the charging documents to determine the crime of conviction. But in DeCamps, the Supreme Court repeatedly said that what defines the crime of conviction are only the elements of the offense. They cited to the Richardson case, the Supreme Court case on jury unanimity, talking about the critical nature of an element versus simple facts of the case. Because any criminal complaint or information in Wisconsin, I assume in other states, is going to give the factual basis for the prosecution's allegations. That's the prosecution's theory of the case. But the question is, what is the crime? And the crime can only be defined by the elements. And here, whether the particular place that was burglarized was a dwelling was not an element that a jury would have to be unanimous about. It's not something that the defendant would have to admit at a plea hearing. It's not something that the court would have to make a finding of at the end of a trial or plea hearing or anything before they enter a judgment of conviction. And that's because the crime is broader than that. You know, it's a single subsection. Were the underlying, were they pleas or juries? These were both plea cases, Your Honor. Both what? These were both plea cases. So we have two different defendants, Mr. Poliat and Mr. Edwards, and they both entered pleas. They pleaded. That's correct. Sometimes with a plea, of course, you work your way down a little bit. I'm sorry, I didn't hear that. Meaning that somebody pleads in order to get maybe a lesser included offense or something. Now that wasn't, I don't know what the charging documents might differ than what the plea itself, what they pleaded to. Right, now here, Your Honor, they were charged with burglary of a building or dwelling under 943-10-1MA. Again, the allegations of the complaint, the prosecutor alleged that at a particular time, in a particular place, in that place alleged in the information was a dwelling, they committed this crime. But again, it's not an essential element of that crime. And what they were convicted of at the end of the plea hearing is burglary of a building or dwelling. That's also the crime that appears on the judgment of conviction. It's certainly possible in a complaint, and you know, it's come up in some of the cases that we cited in the briefing, you know, the prosecutor could be even more creative. So, you know, they charge someone with burglary of a building or dwelling. That just sort of demonstrates that the essential element of the crime is the burglary of a dwelling, which makes it fall under the subsection of 1MA versus the other subsections that do talk about distinct places that can be burglarized, like ship or vessel or truck or vehicle. And so, you know, the complaint describes the crime of burglary and sets forth alternative means of committing it, including intentionally entering any one of a number of listed places. And the fact that burglary or dwelling is in one subsection and the railroad car and the boat and the ship or elements, they're just different ways of committing the offense of burglary. I mean, it could be listed. Take out the alphabetical subsections, just put it all in one big paragraph, the way federal statutes are arranged irritatingly. And, you know, we've got one burglary offense and a whole bunch of different ways of committing burglary. One of those enclosed places, without consent, with intent to commit a crime. Well, if that's true, Those are the elements. And when we instruct juries in Wisconsin, you know, we plug in what the specific enclosure is, but it's just a single crime, right? Why do you think the statute says burglary or dwelling, dwelling or burglary, rather than building? I think it just has to do with the history of the statute, Your Honor. There used to be, of course, common law burglary. And then there was a higher form of burglary for burglary of a dwelling, and then a separate crime for burglary of other buildings. Back when that was true, there were cases talking about, okay, what's a dwelling versus a building. But since I think the 50s or so, around the time that a lot of states changed their burglary statutes, they put them together, they kept those terms. Why did they keep those terms? Presumably, because they were combining these two, because they were combining these two statutes, but it's really not clear. No, all they have to say is burglary of a building. That's correct, Your Honor. Everyone knows that burglary of a home is a more serious crime than burglary of a warehouse. As a factual matter, that would generally be true. But again, in Wisconsin, these aren't treated, burglary of a dwelling is not a more serious crime than burglary of a building. I know, but we're talking about federal law, and federal law regards burglary as a more serious crime, or specifically as a crime of violence. And how can the federal statute be, you know, the sentencing is going to be administered if the federal court isn't able to learn whether it was a burglary or a home, or has to pretend there's no difference? I would never suggest that a federal sentencing judge shouldn't be considering the facts of the underlying case. And I think that's going to be relevant in every sentencing, both, you know, was the burglary of a home, was it a burglary of some other building? Was there a gun involved? I mean, it could be that it was a burglary of a non-home. Yeah, but you have a federal statute, which has sentencing significance, because it talks about various different crimes. And the Supreme Court has held that burglary is a crime of violence when it's committed against a home, but not when it's committed against another building. Well, the question is, if the person is in Wisconsin, is convicted of burglary, and it happens to be burglary of a home, that has significance for his federal liability. It would have significance in discussing sentencing. What I'm saying it doesn't have significance in under the Wisconsin statute is simply in defining the crime of violence under the 4B1.2. You say it can play a role in federal sentencing. Well, that's what the violent crimes provision in federal law is. It defines certain crimes as one, which being crimes of violence, get a heavier sentence. So that means for federal purposes, it's important to determine whether it's a burglary of a home, burglary of another kind of building. And the complication is that the federal courts are not permitted to look at the actual record to see what kind of burglary it was. But it can look at the preliminary documents, indictments, things like that. Well, the question under the guidelines, just like the question under the Armed Career Criminal Act, is the crime of conviction. It's not what the defendant did. So the question isn't, did the defendant burglarize a home? It's, was he convicted of a crime that's defined as burglary of a home? And the only way that you can find that, according to the Supreme Court in DeKalb's, is looking to the elements of the offense. Right. If we read DeKalb's for everything that it's worth and find in your favor, then every state that does not have a separate crime of residential burglary, anybody who's convicted of what is, in fact, a residential burglary, that conviction doesn't count for purposes of the guidelines because the state doesn't define the crime that way. That's true. And that's happening. And that seems in tension with that mysterious footnote, too, of Justice Kagan's opinion, which is fairly inscrutable. But if you'd like to offer up a way to reconcile it with the text of the opinion, I'm all ears. Sure. Well, let me first just say there are plenty of states that don't separate out burglary of a dwelling. And those cases don't elevate the guidelines for those. And there are states even where they say, well, dwelling includes a detached garage. That's too broad. So they don't include it as a crime of violence. Again, if it's serious, the judge can think about it at sentencing. Footnote two is a bit inscrutable. But what it doesn't do is say it doesn't matter whether something is an element or means. That's sort of what the government's arguing here. What are the documents that the court is permitted to look at? Well, the judgment of conviction and the statute of conviction. And then where the statute is divisible, then the court may turn to the Shepard documents to determine which crime the defendant was convicted of. Well, isn't that isn't that what what the court did here? Well, no, Your Honor, because the statute is not divisible because it doesn't lay out two separate elements that a jury would need to find. Why don't I understand? Why aren't they separate elements? Why aren't they separate crimes? Well, they're not separate crimes. Just because they're in one sentence. No, it's based on, I mean, there's in the federal court, there's Richardson and Shad. In state court, there are similar cases laying out how you determine whether something is an element, how you determine whether jurors need to be unanimous. And so, pardon? So how do you do that? Well, the court looks at, you know, the text of the statute. Yeah, well, the text of the statute has these two different forms of burglary in it. Correct, Your Honor. So why aren't those two different crimes? Because Wisconsin doesn't define them as two different crimes. Like, well, why do you mean define them as two? Do they have to have a separate section of the statute which says there are two separate crimes? No, the question is whether the jury would need to be unanimous on that. And if this court has any question on that issue, if you agree with the federal law proposition, that's something that you can certify to the state court. And it's something that for any crime, if there's a tricky unanimity question, a tricky question of whether something is an element or means, that can go to the state supreme court. This one isn't tricky. I don't think it's tricky either, Your Honor. There's case law in Wisconsin that adopts the federal methodology of double jeopardy, multiplicity analysis for evaluating whether the statute defines a single crime with multiple means of commission or more than one crime. So I agree, Your Honor. This isn't a tricky crime. And I think under the terms of DeCamps, these are not separate elements, and therefore the statute is not divisible. And therefore, both defendants here were convicted of overbroad statutes. And so the cases should be remanded for that. Okay. Thank you, Ms. Frey. Mr. Burke. May it please the court. Kevin Burke on behalf of the United States. The district court judges in these two cases correctly looked at the judgment of conviction, where it said burglary of a building or dwelling, and then looked to the charging documents to see which it was. The statute doesn't create more than one crime, does it? It does, Your Honor, in that it could be burglary of a building, which is one type of enclosure that can be burglarized, or burglary of a dwelling, which is a different kind. So the state could have charged Mr. Edwards with two crimes for this single act of unlawful entry into the apartment. That likely would have violated double jeopardy to have done that. Right. So it's one crime. It's not two crimes. If it's two crimes, then there's no multiplicity double jeopardy violation, if that's what the legislature intended, right? That's the federal analysis. Yes. And it doesn't implicate the shad due process principles, right? Correct. So this is the single crime. Well, your point earlier, Your Honor, was that if it were like a federal statute, you would have just thrown all these different enclosures that can be burgled together. Wisconsin parses it out in different subsections. That's really of no consequence. It's very similar to Shepard, where Shepard says building, ship, vessel, or vehicle. Right. It's indistinguishable from Shepard, but that's not how DeCamps read Shepard. DeCamps went on and on at great length about how it's an elements-based focus. And if we don't have alternative elements, we don't have a divisible statute, which the body of the opinion is arguably in tension with footnote two. And this case is Justice Alito's worst nightmare. And I don't want to read too much into your question, Your Honor, but it almost seems as if you're suggesting that DeCamps effectively could overrule Shepard, which the Supreme Court was quite clear was not doing. Right. I mean, it put a new take on it. If we go back to what DeCamps is really addressing, DeCamps was addressing a statute where the element was actually missing, unlawful entry. Right. Wisconsin is not missing an element. Right. So all of that stuff that DeCamps said about elements is dicta? No, not dicta. Did you have to have alternate elements in describing what it means to have a divisible statute? We can just ignore all of that. There's undoubtedly a tension between footnote two and the main body that different courts have identified. Otherwise, we wouldn't have the circuit split. So what Justice Alito was presciently addressing was concern that the main body of DeCamps might engender some confusion. And what footnote really two really is, is a conversation that the majority was having to address Justice Alito's concern saying, well, if we break it down into means versus elements distinctions that necessarily often will require parsing of state law. This is not at all what the main decision is doing and was addressing Justice Alito's concerns that whether you call it means, whether you call it elements, it's really of no consequence. If you have an ambiguity, you're going to look to the charging document and the ambiguity will be resolved. Well, to find out the elements. To find out the elements. And that's mystifying to me because charging documents don't define crimes, statutes define crimes. And so we don't look to charging documents and plea colloquies and all the other shepherd documents to determine how the state defines the crime. We look to the statute. So it's an inadequate response to Justice Alito's dissent and it's one that completely obfuscates the analysis. You've got to come up with some way to reconcile it. Well, footnote two seems to mean what it says. If whether you look, whether you call this means or call it elements, it seems to be of no consequence. You want to see what the person was charged with. If you accept everything that is said in the majority opinion, in the text of the majority opinion, then means versus elements cannot be of no consequence. It is centrally consequential because that's the distinction between crime definitions, meaning whether there's more than one crime in the statute or whether it's a single crime with multiple modes of commission. Well, if we look at the Wisconsin statute where it says as a title, as a mere title, burglary of a building or dwelling. It doesn't say that. It says burglary. And then it says whomever intentionally enters into any of the following places without the consent of the person in lawful possession and with intent to steal or commit a felony is guilty. And then it provides a laundry list of enclosures. Yes, it does. It defines a single crime of burglary. And it sounds. The jury does not have to be unanimous. The jury does not have to be unanimous on the nature of the enclosure. And you presided over one of the cases cited, which is Hammer. The central issue was not that particular element, but I understand your expertise in this area. But when we're looking at parsing state law, which is in the Rendon dissent to the denial of a hearing on Bach, notoriously uncertain inquiry. But if you look at cases such as Gonzalez, which say you adapt your jury instructions to fit the facts of the case. If you look to the jury instruction, Pattern Jury Instruction Committee's own guidance on what you do, they divorce each element. They, for instance, are model jury instruction says building, showing that building and dwelling can be separated from one another. What goes to the jury is the actual enclosure. What goes to the jury is the element. What goes to the jury must be found beyond a reasonable doubt, whether it's enclosed railroad car, whether it's dwelling, whether it's building. So I defer to your expertise, Your Honor, but it sure seems looking at that at the at the pattern jury instruction guidance, the enclosure is an element. Well, the fact that judges are encouraged to tailor the jury instruction to the facts of the case in order not to confuse the jury doesn't answer the question about whether this is a single crime. With multiple means. Or whether there's more than one crime codified in the burglary statute such that two counts could be charged for a single breaking and entering. If you concede that only one count could be charged for a single breaking and entering of a dwelling, it could not be charged as a burglary of a building and a burglary of the dwelling. Then you have to concede that it's a single crime, not two crimes. And then that gets you into trouble under DeCamps. Well, our primary argument would be that it is an element. But a secondary argument is if the court were to address it as a means, those other cases that this court has decided post-Shepard but pre-DeCamps would still be good law because DeCamps did not overrule Shepard. They had every opportunity to and they didn't. And cases such as Woods, Dismuke, make it very clear whether you call it a means or call it an element is of no consequence. Right, but DeCamps has thrown all of that into doubt. It has for two circuits. When you have to resort to a means analysis. The government does not believe you have to resort to a means analysis, but if the court were to... Well, how else do you determine what the elements of the offense are? What other analysis do you use, if not to distinguish, as the Double Jeopardy case law does, between elements and means? Was the jury asked whether it was a dwelling or a building? Well, these were resolved by plea. The charging language itself, while captioned building or dwelling, only charged entry of a dwelling. Therefore, all that would have gone to the jury, had this gone to trial, would have been dwelling. This is the indictment or the information? The information, yes, Your Honor. The information says unauthorized entry of a dwelling. Is that how it is? Yes, and that's all it says in the charging language itself. Were this a jury trial, would there be an instruction that would be more specific? The instruction would be, as to dwelling, what form the definition might take, whether they would leave it to the juror's common sense or resort to a dictionary to say, well, it's an enclosure intended for human habitation. It would probably depend on what the parties and the judge decided upon, because it's not further defined by statute. Well, this, of course, that's what I ask. Neither of these were jury trials. These were both pleas. That's correct. But if they were jury trials, that's all my question is, because then it would be able to look at the instruction as one of the extraneous, whatever you want to call it, modified, categorical. Yes, you would have, Your Honor. And then I assume then it would be specific that this is a, what, that you had to find that he entered a dwelling? Yes, that's. Would he burglarize a dwelling? Had this gone to jury trial, all that was alleged was dwelling, and if you look at the guidance from the Pattern Jury Instruction Committee, and if you look at cases like the Wisconsin case of Gonzalez, that is what the jury would have had to have been. Building or dwelling is one category. The jury would not have to decide between building or dwelling. That's the sub-A version of the offense, the sub-A mode of commission or means of commission. Well, Mr. Burke is saying they wouldn't be told about a building. They'd just be told about a dwelling. They wouldn't have anything else to think about. And Judge Lake, you presided over these trials, of course, but the case law seems to be pretty clear. The Pattern Jury Instruction. The jury would not be required to agree that it was a dwelling.  The facts of the case are that it was a dwelling, so it really doesn't matter. It all comes out in the wash. But they don't have to make that judgment. And if that is how you find, Your Honor, then it should be a reversion to a means analysis. I'm asking you why that's wrong under the text of the statute. It's not an element of the offense that the jury has to be unanimous on, whether it was a building or a dwelling. Dwelling is subsumed within building. Well, not subsumed within building. There are certainly dwellings that are not buildings. Factually, yes, but it has no legal consequence for purposes of the sub-A offense. It's all burglary. Then it's a reversion to a means analysis, which is still permissible under Shepard, under this Court's decisions in Woods, which is. Permissible under Shepard and under our decisions. Is it permissible under DeCamps? Yes, it is, because if DeCamps meant to overrule Shepard, it certainly could have. So we should disregard all that DeCamps said about elements? I don't believe that it's disregarding. It said the only way you have a divisible statute is if there's alternative elements on the face of the statute. And what did they mean? And then in footnote 2 it said, oh, by the way, you can also look at charging documents to see what the elements are. That's not how sovereign states define their crimes. And you're asking me to explain why the Supreme Court drafted it the way it did, but they specifically were addressing Justice Alito's concerns, a very relevant conversation that they were having with that very important footnote, because it's partly why we're here. That's entirely why we're here. And they're saying you need not have any real-world concern whether you call it elements or call it means. And Shepard's not been overruled. You should not overrule your decision in Woods. If you apply Woods, this case is easy to decide. And I see I'm out of time. Are there any other questions? Okay, thank you, Mr. Burke. Ms. Pike, do you have anything further? If the Court will allow me a bit of a rebuttal. Yeah, you can have a minute. Thank you. You can't read DeKalb says only footnote 2, but I do want to point out that footnote 2 specifically says that Shepard rested on the explicit premise that the law considered there laid out separate elements of different crimes, not means of committing the offense. Yeah, and that's just wrong. Right? That's just flat-out wrong. But if anything, it emphasizes that the holding of DeKalb's is about elements. And I just want to take issue with two other quick things that the government has added, and that is, again, the charging language here does not only say dwelling. I mean, the charging language is clear that both defendants were charged with burglary of a building or dwelling. The theory was that it was a dwelling. Well, it wasn't the theory. That was the only facts in the case. Sure, it was the facts. Exactly. There wasn't an alternative theory. And when the government talks about means, what they're talking about is facts. And in Edwards' plea hearing, which is the only one on the record, the judge never even uses the word dwelling in reference to the crime. He only talks about dwelling. But the defendant admitted to the probable cause, the factual basis, didn't he? Used the complaint as the probable cause? I'm not sure if he did personally. I know usually the lawyers do in Wisconsin. What sentence did he get? I believe it was probation, but I could be confusing it with polio. But I think they both got probation in these cases. Thank you. Okay. Well, thank you, Ms. Pride. And you're a defender, right? Yes, ma'am. So we thank your efforts on behalf of the defendant. We certainly thank Mr. Burke as well. And the court will be in recess.